## BRYAN MORSE *vs.* CITY OF LOWELL.

A collector of city taxes is "a public officer," within the first section of the United States bankrupt act of 1841, and a debt which he owes the city in consequence of a defalcation in his office of collector, is a fiduciary debt.

Fiduciary debts may be proved, under the United States bankrupt act of 1841, equally with other debts, if the creditors to whom they are due so elect; and if such creditors prove their debts and take a dividend, they are barred, like other creditors, by the debtor's discharge and certificate: *Aliter*, of fiduciary debts, which are not proved under the bankrupt act.

A creditor proved a fiduciary debt, under the United States bankrupt act of 1841, for the purpose of preventing the debtor from obtaining a discharge from any of his debts: The circuit court of the United States soon after decided, that the owing of fiduciary debts would not prevent the debtor's discharge from other debts; and that fiduciary debts, if proved, &c., would be discharged: The creditor thereupon petitioned the district court, before which he had proved his debt, to withdraw his claim and proof. The court granted said petition, and thereupon gave the debtor a certificate of discharge. *Held,* that said fiduciary debt was not barred by the debtor's discharge.

TRESPASS for an assault and false imprisonment. The parties submitted the case to the decision of the court on an agreed statement of facts, which appear in the opinion given by

SHAW, C. J. The plaintiff brings his action of trespass *vi et armis* against the defendant corporation, alleging an assault and false imprisonment; and the act relied on as an assault and false imprisonment was an arrest of the plaintiff on an execution issued on a judgment duly recovered by the defendants against the plaintiff, and a commitment thereon. This arrest occurred on the 24th of June 1843, on an alias execution to obtain satisfaction of the balance of about $6000 due on a judgment recovered in the court of common pleas, April term 1842, for the sum of $10,000. The ground on which this arrest was alleged to be illegal was, that the plaintiff, previ-

ously thereto, had obtained his discharge under the bankrupt law of the United States, of which the defendants had notice, and by which, as it was insisted by the plaintiff, they were bound, though obtained after their judgment had been rendered.

One question argued was, whether under these circumstances, an action of trespass *vi et armis* would lie, either against the officer or the judgment creditors. A question was also made, whether such action would lie against a corporation. But the decision of the court upon another part of the case has rendered it unnecessary to consider these questions further.

It appears that this judgment for $10,000 was recovered by the city of Lowell against the plaintiff, as collector of taxes, and upon an alleged defalcation, in that office, in rendering his accounts and making his payments. The plaintiff filed his petition in bankruptcy, in February 1842, and was then decreed a bankrupt. The 6th of September 1842 was assigned as the time for hearing his petition for his discharge. Previously to that time, viz. on the 22d of August 1842, the city filed and proved their claim against the plaintiff; and it appears, by the facts agreed, that their purpose in so doing was to enable them to oppose his petition for a discharge. They propose to oppose his discharge, on the ground that the debt due to them was a debt from him as a public officer and defaulter; and so, being a fiduciary debt, within the meaning of §§ 1 and 4 of the United States bankrupt law, he was not entitled to any discharge. A few days before the day assigned for hearing the plaintiff's petition for a discharge in the district court, an opinion was pronounced by the judge of the circuit court, Mr. Justice Story, in another case, (*Matter of Tebbetts*, 5 Law Reporter, 259,) in which it was held, that the fact of owing a fiduciary debt, if the petitioner also owed other debts, did not prevent him from being decreed a bankrupt: That it was optional with a creditor, holding such a debt, to come in and prove it under the commission, and share the assets *pari passu* with other creditors; it not being inequitable, as against them, to take an equal dividend with them of the assets of the

common creditor : That if such fiduciary creditor did elect so to come in and prove a debt, and entitle himself to a dividend, he should be bound by the discharge decreed to the bankrupt, if he should obtain one ; but if such fiduciary creditor did not elect so to come in and prove the debt, the discharge, though general in its terms, would not bar any remedy the creditor might have for such fiduciary debt.

This adjudication, emanating from such a source, seemed to be regarded by the city and their legal advisers as an authoritative declaration of the law, at least for this circuit. And as their object in proving their debt was not to take a dividend, but to oppose any discharge which would bar their debt ; and as under the law thus decided this became wholly unnecessary, and would even defeat their object if the discharge was granted, by barring their remedy ; it indicated the course which they ought to pursue. They therefore immediately petitioned the district court for leave to withdraw their claim and proof ; and after notice, and cause shown, this petition was granted.

In this state of the case, two questions arise : 1. Whether the defendants would have been barred from further proceedings on their judgment and execution, if they had kept aloof and not proved their debt : 2. Whether, having once proved their debt, although afterwards permitted to withdraw their claim and proof, they are replaced in the same situation as if they had not proved it.

We can have no doubt that the debt due from the plaintiff to the defendants was a fiduciary debt, within the meaning of the bankrupt law. The first section of the bankrupt act extends to all persons " owing debts which shall not have been created in consequence of a defalcation as a public officer, or an executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity." The plaintiff was a public officer, specially entrusted with the duty of collecting the revenues of the city, and is within the letter and spirit of the act. The court are of opinion, that by the true construction of the bankrupt law, a fiduciary creditor, if he does not choose to avail himself of the

proceedings under the commission, is not bound by the dis-charge. When the proceedings are instituted by the voluntary act of the bankrupt himself, they are uniformly regarded and treated, in the act, as done for the benefit of the bankrupt. The obvious, and perhaps the only benefit to him, is the discharge. But it is quite clear that, to some extent, fiduciary debts are regarded as privileged ; and if the petitioner owes none but fidu-ciary debts, he cannot thus, by his voluntary act, commence these proceedings, and obtain his discharge. Now the only way in which this privilege can be upheld is, to allow to the fiduciary creditor the option either to come in and share with the other creditors in an equitable distribution of the assets, and enjoy the other privileges of creditors, which as against them he has a right to do, or to elect not to prove, and not to be barred of his remedy. But whatever we might have thought, had this been an original question, we think this con-struction is now sustained by a greatly preponderating weight of authority. [See *post.* 430.]

2. But the more material question is, whether the defendants are barred in consequence of having proved their debt, although, before the petition for a discharge was acted upon, or any divi-dend made, they were permitted by the district court to with-draw their claim and proof.

The ground on which it is held, that if a fiduciary creditor prove his debt, he shall be barred by the discharge, is not any rule of positive law, but because it is unreasonable and mani-festly inequitable, both as to other creditors and also to the debtor, that a party shall enjoy the privilege and benefits of a particular relation, without being affected with the burdens and disabilities incident to that relation. To apply this rule : We suppose the reason why a creditor is bound by the dis-charge, is because he takes his dividend and exercises all the rights of a creditor. But by the mere proof of his debt, which may be made at the first meeting, he does not necessarily obtain a dividend, or enjoy other advantages as a creditor. We think, therefore, it is competent for the court which has the general jurisdiction over the subject, to decide, on his applica-

tion, whether he shall have leave to renounce the relation of creditor, and stand on his original rights. This the court did do in the present case, and therefore we are of opinion that the defendants were placed *in statu quo.*

It was stated in the argument, that the proof of the debt still remained on the files of the court ; but it is equally true that in consequence of the defendants' renunciation of their rights, by leave and order of the court, they could no longer claim to stand in the relation of creditors, for any purpose.

The case of *Butler* v. *Hildreth,* 5 Met. 49, was relied on as an authority to show that the election of one remedy, although afterwards renounced, was a bar to another. But that case, we think, does not apply. It was not merely an election of remedies. It was a case where it was optional with the plaintiff, an assignee, to affirm or disaffirm a sale of goods by the insolvent debtor. The adoption of one was, *per se,* an exclusion of the other. By claiming the goods, he necessarily disaffirmed the sale, and renounced all claim to the price. By demanding the price, he affirmed the sale. It was not, therefore, merely an election of one among several remedies, to enforce the same right. · The present was a case of election of remedies for the same right — the security and collection of a debt ; and we are of opinion, that the defendants, when by leave of court they withdrew their claim under the commission, had not passed the stage at which they had a right to make their election. They were therefore not barred by the plaintiff's discharge ; they had a good right to pursue their remedy, by the arrest of the plaintiff on their execution ; and therefore this action cannot be maintained.

*Plaintiff nonsuit.*

*Hopkinson & Morse,* for the plaintiff.
*S. Ames,* for the defendants